IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOEL ROBINSON,

        Plaintiff,              No. CIV S-07-2360 FCD DAD P

    vs.

D.K. SISTO, et al.,

        Defendants.     ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. §§ 1914(a) & 1915(b)(1). An initial partial filing fee of $1.63 will be assessed by this order. See 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to

1

1 the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of
2 twenty percent of the preceding month's income credited to plaintiff's prison trust account.
3 These payments will be collected and forwarded by the appropriate agency to the Clerk of the
4 Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in
5 full. See 28 U.S.C. § 1915(b)(2).

6        The court is required to screen complaints brought by prisoners seeking relief
7 against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C.
8 § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised
9 claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
10 granted, or that seek monetary relief from a defendant who is immune from such relief. See 28
11 U.S.C. § 1915A(b)(1) & (2).

12        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
13 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
14 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an
15 indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
16 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
17 pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th
18 Cir. 1989); Franklin, 745 F.2d at 1227.

19        Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and
20 plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
21 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic
22 Corp. v. Twombly, ___ U.S. ___,   , 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson,
23 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a
24 complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it
25 must contain factual allegations sufficient "to raise a right to relief above the speculative level."
26 Bell Atlantic, 127 S. Ct. at 1965. In reviewing a complaint under this standard, the court must

accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In plaintiff's complaint, he identifies as defendants Warden D.K. Sisto and Correctional Officer Clark. Plaintiff alleges that, on January 19, 2007, a riot took place on the yard between Black inmates and Southern Mexican inmates. Plaintiff alleges that, although he

was well away from the riot, he was ordered to get down in a prone position near the gymnasium. Plaintiff further alleges that a group of Southern Mexican prisoners exited the gymnasium, and when they saw him, they attacked him. Plaintiff contends that defendant Clark, who let the inmates out of the gymnasium, failed to protect him. As a result, plaintiff alleges that he suffered back and head injuries and a broken facial bone, which has caused visual impairment. Plaintiff seeks compensatory and punitive damages.

The court finds that plaintiff's complaint states cognizable claims for relief against defendant Clark. If the allegations of the complaint are proven against defendant Clark, plaintiff has a reasonable opportunity to prevail on the merits of this action. The court finds, however, that the allegations of plaintiff's complaint does not state a cognizable claim against defendant Warden Sisto. Plaintiff has failed to allege any facts suggesting a specific causal link between the actions of defendant Warden Sisto and the claimed constitutional violations.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's November 2, 2007 application to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee of $1.63. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Service of the complaint is appropriate for defendant Clark.

4. The Clerk of the Court shall send plaintiff one USM-285 form, one summons, an instruction sheet, and a copy of the complaint filed November 2, 2007.

5. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit all of the following documents to the court at the same time:

/////

        a. The completed, signed Notice of Submission of Documents;

        b. One completed summons;

        c. One completed USM-285 form for the defendant listed in number 3 above; and

        d. Two copies of the endorsed complaint filed November 2, 2007.

    6. Plaintiff shall not attempt to effect service of the complaint on the defendant or request a waiver of service of summons from the defendant. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendant pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

DATED: November 8, 2007.

_Dale A. Drozd_
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
robi2360.1dft

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOEL ROBINSON,

        Plaintiff,                   No. CIV S-07-2360 FCD DAD P

    vs.

D.K. SISTO, et al.,                 NOTICE OF SUBMISSION

        Defendant.              OF DOCUMENTS

_____/

        Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

        ____ <u>one</u> completed summons form;

        ____ <u>one</u> completed USM-285 form; and

        ____ <u>two</u> true and exact copies of the complaint filed November 2, 2007.

DATED: _____.

                                                                 _____

                                                                 Plaintiff